**Howard FITZSIMMONS, as Administrator of the Estate of Charles F. Bruggner, deceased,**

**v.**

**Reginald J. QUACKENBUSH and Motorcar Transport Company, a Michigan corporation.**

**No. 1957.**

United States District Court
N. D. Indiana, South Bend Division.

June 23, 1956.

Chester & Chester, William R. Nicholson, Elkhart, Ind., for plaintiff

Roland Obenchain, Jr., and James H. Pankow, South Bend, Ind., for defendants.

PARKINSON, District Judge.

This is an action in damages for alleged wrongful death tried to the court and it is the cause on the merits which now solicits the decision of this court.

Section 47–2019(a), Burns' 1952 Replacement, provides as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the condition of the highway."

It is the law in Indiana that an operator of a motor vehicle upon a public highway in Indiana who, without legal excuse, violates a law of Indiana regulating the operation of motor vehicles is guilty of negligence, and it is also the law in Indiana that contributory negligence on the part of a plaintiff's decedent bars recovery for his death.

Although the plaintiff has failed to prove any negligence on the part of the defendants and the plaintiff can not recover for that reason, such need not be included in the findings of fact and conclusions of law because the evidence, by a preponderance thereof, clearly establishes that the plaintiff's decedent, without any excuse, legal or otherwise, violated the quoted statute which was a proximate cause of the collision and his death and accordingly the plaintiff can not recover.

Therefore, the court having considered all of the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

### Findings of Fact

**1.**

This court has jurisdiction of the parties to and the subject matter of this action.

**2.**

About 2:30 P.M. on July 17, 1953, the defendant Reginald J. Quackenbush, the agent and employee of the defendant, Motorcar Transport Company, was driving its unloaded semi-trailer automobile carrier, which was equipped with rear stop lights in operating condition activated upon application of the foot brake, in an easterly direction on U. S. Highway No. 20 at a speed of approximately 40 to 45 miles per hour and plaintiff's decedent was following said vehicle in his 1949 Ford automobile about 3 or 4 car lengths, or 50 to 70 feet, behind traveling in the same direction and at about the same speed.

**3.**

At a point approximately 1 mile east of the county line between Elkhart and St. Joseph counties in Indiana, U. S. Highway No. 20 is a two lane black top highway with a bridge across Cobus Creek and a rather steep grade from the bridge to a hill crest about 400 feet west.

**4.**

At said time and place there was a light drizzle, which had been preceded by a fairly heavy rain, and U. S. Highway No. 20 was wet and slippery.

**5.**

When the defendant, Reginald J. Quackenbush, reached the hill crest he saw for the first time, and without any previous warning thereof, a State Highway Department truck stopped about 25 feet west of the bridge across Cobus Creek partially on the south lane of U. S. Highway No. 20 and partially on the south berm with a flagman running up the hill west and he applied his foot and hand brakes slowing down to approximately 30 to 35 miles per hour and had proceeded about 50 to 100 feet east of the hill crest when plaintiff's decedent struck the right rear end of the automobile carrier causing injuries to plaintiff's decedent from which he died.

**6.**

The plaintiff's decedent in following the vehicle of the defendant, Motorcar Transport Company, only 3 or 4 car lengths behind was following more closely than was reasonable and prudent, having due regard for the speed of the vehicles of 40 to 45 miles per hour and the wet and slippery condition of the two lane black top highway, with a drizzle of rain impairing visibility and approaching a down grade incline when vision was obscured beyond the hill crest.

**7.**

In following the vehicle of the defendant, Motorcar Transport Company, so closely, the plaintiff's decedent was guilty of negligence which was a proximate cause of the collision and his resultant death.

**8.**

The plaintiff's decedent was guilty of contributory negligence which was a proximate cause of his death.

Upon the foregoing findings of fact, the court does now state its

Conclusions of Law

**1.**

This court has jurisdiction of the parties to and the subject matter of this action.

**2.**

The following of the vehicle of the defendant, Motorcar Transport Company, by plaintiff's decedent more closely than was reasonable and prudent, having due regard for the speed of the vehicles and the condition of the highway, was a violation of a statute of the State of Indiana, not within any exception thereto and without any legal excuse therefor.

**3.**

The following of the vehicle of the defendant, Motorcar Transport Company, by the plaintiff's decedent in violation of a statute of the State of Indiana, not within any exception thereto and without any legal excuse therefor, constituted negligence on the part of plaintiff's decedent which was a proximate cause of the collision and his resultant death.

**4.**

Plaintiff's decedent was guilty of negligence which proximately contributed to his death.

**5.**

Plaintiff's decedent was guilty of contributory negligence.

**6.**

Plaintiff is not entitled to recover from the defendants, or either of them.

**7.**

The defendants are entitled to a judgment that the plaintiff take nothing by reason of his complaint herein.

The clerk will enter judgment for the defendants that the plaintiff take nothing by reason of his complaint herein at the costs of the plaintiff.